[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12601
_____

D.C. Docket No. 5:12-cv-00201-RS-CJK


MICHAEL RICHARDSON,

Plaintiff-Appellant,

versus


BAY DISTRICT SCHOOLS,

Defendant-Appellee,


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 26, 2014)

Before HULL, Circuit Judge, and WALTER,[*] District Judge, and GOLDBERG,[**] Judge.

PER CURIAM:

Plaintiff-Appellant Michael Richardson works in the maintenance department of Defendant-Appellee Bay District Schools ("Bay District"). Richardson brought suit against Bay District, alleging a hostile work-environment gender-discrimination claim under Title VII. The district court granted summary judgment in favor of Bay District and subsequently awarded attorney's fees and costs to Bay District and against Plaintiff Richardson. After careful review of the briefs and the record, and with the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of Defendant Bay District but reverse the award of attorney's fees and costs against Plaintiff Richardson.

Plaintiff Richardson's Title VII claim was based on the behavior of his supervisor Jimmy Thompson, who was also Richardson's friend. Viewed in the light most favorable to Plaintiff Richardson, the record shows that Supervisor Thompson (1) offered money to Richardson's wife in return for sex; (2) offered money and possibly even a promotion to Plaintiff Richardson if Richardson could convince his wife to have sex with Thompson; and (3) proposed the idea of Thompson and Richardson having sex with Richardson's wife and other women at

*Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

**Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

the same time.  What is more, Supervisor Thompson asked Plaintiff Richardson to persuade the waitresses at a lunch restaurant to have sex with Thompson in exchange for money.  Thompson used lewd language in his many conversations with Richardson—not only in discussing Richardson's wife but also when referring to other women. [1]

To prevail on a hostile work-environment gender-discrimination claim under Title VII, a plaintiff "must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex."  Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81, 118 S. Ct. 998, 1002 (1998) (quotation marks omitted and alterations adopted).  While Supervisor Thompson's conduct was highly offensive and inappropriate, the district court did not err in determining that no reasonable juror could conclude that Thompson discriminated against Richardson because of Richardson's gender.

The record here contains no evidence that Richardson's gender was the basis for Thompson's conduct; for example, there is no evidence that Thompson treated men differently than women in the work place.  Instead, the record indicates that Thompson directed this conduct towards Richardson because the two were friends and because Thompson was attracted to Richardson's wife.  In addition, there was no tangible adverse employment action that had a causal link directly or indirectly

---

[1]At oral argument, counsel for Plaintiff Richardson acknowledged that Supervisor Thompson never expressed a sexual interest in Richardson himself.

with Supervisor Thompson's conduct.  See Farragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2292-93 (1998).  The district court therefore correctly entered summary judgment on Plaintiff Richardson's hostile work-environment gender-discrimination claim under Title VII.

A different conclusion, however, is warranted with respect to the district court's award of attorney's fees and costs to Defendant Bay District.   A district court may award attorney's fees to a prevailing defendant in a Title VII case only when the "plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978).

This "standard is so stringent that the plaintiff's action must be meritless in the sense that it is groundless or without foundation in order for an award of fees to be justified."  Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991) (reversing fee award to prevailing defendant) (quotation marks omitted and alterations adopted).   It is not enough for the prevailing defendant to show that the plaintiff's claim was "markedly weak," see Bonner v. Mobile Energy Servs., 246 F.3d 1303, 1305 (11th Cir. 2001), or even "exceedingly weak," see Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (reversing fee award to prevailing defendant).   Instead, the plaintiff's case must be "so patently devoid of merit as to be frivolous."  Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182,

4

1189 (11th Cir. 1985) (reversing fee award to prevailing defendant); see also Jones v. Texas Tech Univ., 656 F.2d 1137, 1146 (5th Cir. Sept. 1981) (indicating that a claim is frivolous when it is "devoid of arguable legal merit or factual support").[2]

Plaintiff Richardson's claim was weak, but not so patently devoid of arguable legal merit to justify an attorney's fee award. This Court has never addressed a factually similar hostile work-environment gender-discrimination claim. In other words, there was no precedent from this Circuit squarely foreclosing Richardson's legal argument. It is difficult to say, then, that Richardson's attempt to persuade a court of his legal theory was frivolous. See Cordoba, 419 F.3d at 1185-86 & n.11 (concluding that the district court abused its discretion in finding the plaintiff's legal theory frivolous where the plaintiff's theory lacked support and relied on dicta but had never been squarely rejected).

Further, Richardson presented evidence in support of his claim. Just because this evidence was ultimately not enough to create a jury question with respect to discrimination on the basis of gender does not make Richardson's claim frivolous. See Christiansburg, 434 U.S. at 421-22, 98 S. Ct. at 700-01 (cautioning that courts should not "assess[] attorney's fees against plaintiffs simply because they do not finally prevail"). The district court's analysis improperly conflated the result of the

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

case with the determination of whether a fee award was justified.  See Jones, 656 F.2d at 1145-47 (reversing award of attorney's fees to a prevailing defendant because the district court's "findings appear[ed] to be no more than reiteration of its ultimate conclusions on the merits of [the plaintiff's] claim").

In sum, we affirm the district court's grant of summary judgment in favor of Defendant Bay District and reverse the district court's award of Defendant Bay District's attorney's fees and costs against Plaintiff Richardson.[3]

**AFFIRMED IN PART AND REVERSED IN PART.**

---

[3]Given our decision, we also reverse the district court's award of attorney's fees and costs to Defendant Bay District for responding to Plaintiff Richardson's motion for reconsideration. Similarly, Defendant Bay District's motion for damages and double costs is denied.